**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 21 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ALPHONZO HARRISON,

      Petitioner-Appellant,

v.

RON CHAMPION, Warden,

      Respondent-Appellee.

No. 99-6312
(D.C. No. 98-CV-634)
(W.D. Okla.)

---

**ORDER AND JUDGMENT***

---

Before **SEYMOUR**, Chief Judge, **BALDOCK** and **HENRY**, Circuit Judges.

---

    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

    Defendant-Petitioner Alphonzo Harrison seeks to appeal the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. In so

---

    *This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

doing, he seeks a certificate of appealability under 28 U.S.C. § 2253.

In 1968, Mr. Harrison was convicted and sentenced in Oklahoma state court for murder. Oklahoma law then provided for Mr. Harrison to appear before the Parole Board for consideration of parole after he served one-third of his sentence. *See* Okla. Stat. tit. 57 § 332.7 (1961). Pursuant to a Parole Board policy which began in 1981, Mr. Harrison was granted annual reviews before the parole board beginning in 1988 and continuing through 1994. In 1995, that policy was amended to allow for review every five years instead of annually. Pursuant to the new policy, Mr. Harrison's next parole hearing was set for 1999.

Mr. Harrison sought a writ of habeas corpus from the state and federal courts claiming the change in the Parole Board's policy violated the Due Process clause, the Equal Protection clause, and the Ex Post Facto clause of the U.S. Constitution. The Oklahoma Court of Criminal Appeals denied Mr. Harrison's writ. Similarly, the federal district court denied Mr. Harrison's request for a writ of habeas corpus, and further denied his request for a certificate of appealability under 28 U.S.C. § 2253.

In denying Mr. Harrison's writ and motion for certificate of appealability, the district court relied upon the Report and Recommendation made by the Magistrate Judge. Magistrate Judge Purcell gave a detailed analysis to all Mr. Harrison's constitutional complaints, finally rejecting them all. After a de novo

review, we find Judge Purcell's analysis of Mr. Harrison's constitutional claims well-reasoned. Substantially for the reasons stated therein, we conclude Mr. Harrison has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). We therefore **DENY** his motion for a certificate of appealability **DISMISS** this appeal.[1]

ENTERED FOR THE COURT


Stephanie K. Seymour
Chief Judge

---

[1]Mr. Harrison moves to strike "Exhibit B" attached to the Oklahoma Attorney General's response for failure to serve that exhibit on him. However, "Exhibit B" is a copy of the Oklahoma district court order denying Mr. Harrison's state writ of habeas corpus. That order was properly forwarded to Mr. Harrison at the time of entry. The motion to strike is **DENIED**.